UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARD HUNSTMAN, | ) CASE NO.  5:07cv03638 |
| | ) |
| Plaintiff, | ) JUDGE JOHN R. ADAMS |
| | ) |
| vs. | ) |
| | ) |
| | ) **MEMORANDUM OF** |
| PERRY LOCAL SCHOOLS BOARD | ) **OPINION AND ORDER** |
| OF EDUCATION, et al. | ) [Resolving Doc. 17] |
| | ) |
| Defendant. | ) |

This matter comes before the Court on the Motion for Sanctions and Fees ("Motion") (Doc. 17) filed by Defendants Perry Local Schools District Board of Education and Kenneth Hartwick against Plaintiff and his counsel, Attorney Larry Shenise (Attorney Shenise).  For the reasons that follow, this Court finds that Defendants' Motion is GRANTED as it relates to Attorney Shenise, and DENIED as it relates to Plaintiff.

**I. Statement of Facts and Procedural History**

The Court hereby incorporates the extensive statement of the underlying facts in this matter as it was set forth in the Court's Memorandum of Opinion and Order granting Plaintiff's motion to dismiss (Doc. 18).  That statement set forth the history of this case from inception to the resolution of the state court proceedings before the state appellate court, which resolution was not favorable to Plaintiff.

On August 11, 2005, Huntsman filed a notice of appeal to the Ohio Supreme Court.  The court declined jurisdiction and dismissed the case on November 23, 2005.  Huntsman filed a motion for reconsideration on December 5, 2005, which the court denied on January 25, 2006.

Nicole Donovsky ("Donovsky"), counsel for Defendants, received a letter dated December 5, 2005, from Larry Shenise ("Shenise"), counsel for Huntsman, in which Shenise indicated that he intended to move the matter to federal court because his "client ha[d] a more favorable opportunity at prevailing in that forum." On December 12, 2005, Donovsky sent a letter to Shenise in which she stated that any federal suit would be barred by both the doctrine of res judicata and the applicable statute of limitations, and that she would consider a federal action frivolous and would seek sanctions.

Plaintiff filed a Complaint in this Court on November 23, 2007, alleging five causes of action. Donovsky sent Shenise another letter on April 1, 2008, reiterating her intention to pursue sanctions, attorneys' fees and costs against Shenise and Plaintiff if Plaintiff did not dismiss his complaint in federal court. There is no indication in Donovsky's affidavit that Plaintiff or Shenise responded to either of Donovsky's letters.

Defendants filed their motion to dismiss Plaintiff's Complaint (Doc. 14) on April 9, 2008, which the Court granted on August 19, 2008 (Doc. 18), dismissing the matter in its entirety with prejudice. The Court supported its dismissal with three compelling findings, though any one of the three alone would have supported a dismissal of Plaintiff's Complaint. First, the Court found that Plaintiff's Complaint was clearly barred by the applicable statute of limitations[1], noting that "[u]nder no possible interpretation of the facts could Plaintiff be said to be within the statute of limitations period." (Doc. 18 at p. 8.) Second, it determined that "Plaintiff's

---

[1] The events outlined in Plaintiff's Complaint arose in 1997. The applicable statute of limitations for Plaintiff's claims required actions to be filed within two years after their accrual. *See* Ohio Rev. Code § 2305.10; *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc)); *see also Owens v. Okure*, 488 U.S. 235 (1989)).

underlying claims [were] entirely meritless."[2] (Doc. 18 at p. 8.) Finally, this Court found that the doctrine of res judicata precluded it from making a determination on Plaintiff's claims.[3]

Defendants filed this Motion against Plaintiff and Attorney Shenise on April 19, 2008. No opposition was filed.

## II. Legal Standard

Pursuant to authority granted by the Rules Enabling Act, 28 U.S.C. § 2072,[4] the Supreme Court of the United States promulgated the Federal Rules of Civil Procedure to "govern the procedure in the Unites States district courts in all suits of a civil nature." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 391 (1990) (quoting Fed. R. Civ. P. 1). The Supreme Court stated that Fed. R. Civ. P. 11 should be interpreted "according to its plain meaning . . . in light of the scope of the congressional authorization." *Id.* (citing *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 123 (1989)).

Fed. R. Civ. P. 11(a) requires every attorney to sign "[e]very pleading, written motion, and other paper." Where documents are filed electronically, "[t]he party identification name and password will constitute the party's signature for Fed R. Civ. P. 11 purposes." United States District Court, Northern District of Ohio, Electronic Filing Policies and Procedural Manual, at p. 8. Fed. R. Civ. P. 11(b) provides in relevant part:

---

[2] This Court noted that:

> Plaintiff's conduct resulted in a criminal conviction such that he was unemployable by the Board, which would have acted in contravention of state law had it attempted to re-hire him. To hold a hearing regarding Plaintiff's termination would have been a vain and fruitless act. The Board informed Plaintiff of that fact. Plaintiff nevertheless continually pursued the Board, both at their meetings and by means of repeated litigation. Persistence does not legitimize an otherwise invalid claim.

(Doc. 18 at p. 8).

[3] This Court reasoned that "the state courts have made a final decision regarding Plaintiff's claims after Plaintiff pursued his appeals and requests for reconsideration. The state courts found the claims to be without merit." (Doc. 18 at p. 8).

[4] The Rules Enabling Act, 28 U.S.C. § 2072(a), provides that "The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts . . ."

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). Rule 11 further provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

The fundamental purpose of Rule 11 sanctions is to "deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell*, 496 U.S. at 393. Baseless filings burden both the courts and individuals with unnecessary expense and delay. *Id.* at 398. While the Advisory Committee Notes for Rule 11 urge courts to keep in mind that sanctions may "spawn satellite litigation and chill vigorous advocacy," courts should ultimately seek to give effect to the Rule's fundamental goal of deterrence. *Id.* at 393.

A court may exercise discretion in imposing an "appropriate" sanction pursuant to the rule. *Cooter & Gell*, 496 U.S. at 400. However, Rule 11(c)(4) provides parameters for those sanctions, and directs that the nature of sanctions "imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." It further states that "[t]he sanction may include nonmonetary directives; an order to

pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

An attorney must conduct a reasonable inquiry into the facts and law that form the basis of a pleading prior to signing and filing that pleading. Fed. R. Civ. P. 11(b) and (c) (Advisory Committee Notes to 1993 Amendments). Rule 11 imposes upon an attorney a "duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention." *Id.*

A court must consider three types of issues when faced with a motion for sanctions. The first issue involves consideration of the factual basis for an attorney's filing. *Cooter & Gell*, 496 U.S. at 399. Second, a court must consider the legal issue of "whether a pleading is warranted by existing law or a good faith argument for changing the law." *Id*. (internal quotation marks omitted). Third, a court "must exercise its discretion to tailor an appropriate sanction." *Id.*

In light of the first two of these considerations, a court must examine the attorney's conduct in the context of what was reasonable under the circumstances. *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990) (citing *Century Prods., Inc. v. Sutter*, 837 F.2d 247 (6th Cir. 1988)). Because a court has the advantage of looking at the circumstances in hindsight, a court should consider only whether an attorney acted reasonably *at the time* he submitted his pleading. Fed. R. Civ. P. 11(b) (Advisory Committee Notes to 1983 Amendments). Several factors to consider include how much time the attorney had to investigate prior to filing, whether the attorney had to rely on information from his or her client as to the underlying facts, and whether the attorney had to depend on forwarding counsel or another member of the bar. *Id.*

Should a court determine that an attorney's conduct fell short of the requirements of Rule 11(b), it must next consider an appropriate sanction. *Cooter & Gell*, 496 U.S. at 399. To do so, the court must examine the nature and circumstances of the violation, the offending attorney's ability to pay, whether the actions complained of were promptly brought to the offending attorney's attention, and the type of sanction that would suffice to deter that individual from similar violations in the future. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419-20 (6th Cir. 1992).

**III.    Analysis**

In the instant case, it is evident that Attorney Shenise failed to make a reasonable inquiry into both the factual and legal bases for the Complaint prior to filing it. This Court, in granting defendant's motion to dismiss, found that there was no conceivable factual or legal basis for the Complaint, reasoning that the Complaint was manifestly barred by the doctrine of res judicata and by the applicable statute of limitations, and that the allegations in the Complaint were completely lacking in merit.

The relevant factors clearly indicate that Attorney Shenise did not act reasonably under the circumstances. First, he was not racing to file within the statute of limitations, because the statute of limitations had clearly run. Second, even if Attorney Shenise relied solely on the facts provided by his client, he should have, at the very least, verified the applicable statute of limitations. Had he done so, he would have found that the claims were clearly time-barred. Even if Attorney Shenise did not research the statute of limitations from the outset, Defendants informed him that Plaintiff's claims were time-barred and that Defendants would pursue sanctions if Attorney Shenise filed an action in federal court. The Sixth Circuit Court of Appeals has held that an attorney should dismiss the action upon learning that the Complaint is without

merit. *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 336 (6th Cir.1988). Finally, Attorney Shenise has not contended that he was depending on forwarding counsel or any other attorney to check any errors, nor has he responded in opposition to Defendants' Motion to give any explanation of his actions.

Rule 11 authorizes "reasonable attorney's fees . . . directly resulting from the violation," and Defendants' stated attorney's fees are an appropriate sanction in the instant case to accomplish the purpose of deterrence. There is no evidence that Attorney Shenise acted maliciously or in bad faith in filing the Complaint. However, he failed to make even a minimal inquiry into the relevant facts and law underlying the Complaint. Fed. R. Civ. P. 11(c)(4). Additionally, he has made no attempt to argue that he is unable to pay despite the fact Defendants were prompt and persistent in notifying him of their intention to pursue sanctions. Accordingly, attorney's fees in the amount of $3,135.00 are an "appropriate" sanction. However, the Court does not find that Plaintiff Huntsman should be subject to sanctions for the actions of his attorney, and therefore denies Defendants' Motion in that respect.

**IV.    Conclusion**

For the reasons set forth above, Defendants' Motion for Sanctions and Fees is GRANTED as to Attorney Shenise and DENIED as to Plaintiff. Attorney Shenise is ordered to pay to Defendants' counsel $3,135.00, the amount Defendants' counsel have averred they have expended in defending against Plaintiff's action.

IT IS SO ORDERED.

DATED:  December 5, 2008                    */s/ John R. Adams*
                                            Judge John R. Adams
                                            UNITED STATES DISTRICT COURT